

2006 Decisions

5-18-2006

# Marzouk v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Marzouk v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1092.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1092

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2008

SAMY E. MARZOUK,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 554 637

Submitted Pursuant to Third Circuit LAR.34.1(a)
March 27, 2006

Before: McKee, Van Antwerpen, <u>Circuit Judges</u>, and
Pollak, <u>District Judge</u><sup>*</sup>

(Opinion filed May 18, 2006)

OPINION

McKee, <u>Circuit Judge</u>

 Samy Marzouk petitions for review of a decision of the Board of Immigration

Appeals affirming the Immigration Judge's denial his applications for asylum and

withholding of removal. For the reasons that follow, we will dismiss the petition for

---

 <sup>*</sup>The Honorable Louis H. Pollak, Senior District Judge, United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

review.

Inasmuch as we write primarily for the parties, who are familiar with the factual and procedural background of this case, we need not reiterate them here. We have jurisdiction pursuant to § 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (2000), as amended by the REAL ID Act. See REAL ID Act of 2005, § 106(a), Pub. L No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005).

We must affirm the denial of asylum and withholding of removal unless the evidence before us is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). In order to establish eligibility for grant of asylum, Marzouk must show either past persecution on account of his religion (the protected trait he relies upon) or that he has "well founded fear" of future persecution based upon his religion. *Lukwago v. Ashcroft*, 329 F.3d 153, 167 (3d Cir. 2003), See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1).

He can establish past persecution by introducing sufficient evidence that, because of his religion, he has endured persecution from agents of the Egyptian government, or from "forces that the government [was] either unable or unwilling to control." *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003). A showing of past persecution gives rise to a rebuttable presumption of a well founded fear of future persecution that will support his claim for asylum. *Id*. at 132.

In order to establish eligibility for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)(A), Marzouk would have to show a "clear probability" that he would face

2

persecution in Egypt if he were to return there. *INS v. Stevic* (467 U.S. 407, 430) (1984). The "clear probability" standard is higher than the "well founded fear" standard for asylum because it requires that an alien show that it is "more likely than not" that he would be subject to persecution if returned to his native country. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-32 (1987). Accordingly, if Marzouk can not establish eligibility for asylum, he can not establish the well founded fear required to satisfy the higher threshold for withholding of removal. *Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003).

The Immigration Judge relied upon several inconsistencies between Marzouk's testimony at his immigration hearing and his asylum affidavit as well as inconsistencies in the testimony which he gave during the course of his asylum hearing to conclude that he was not credible. Those findings are supported by the record.

We realize that we have been critical of adverse credibility findings that rely upon minor inconsistencies between asylum affidavits and testimony which petitioners give during the course of an asylum hearing. See *Senathirajah v. INS*, 157 F.3d 210, 218 (3d Cir. 1998). Here, however, the Immigration Judge detailed inconsistencies that could not easily be ignored. Those inconsistencies are detailed in the Immigration Judge's decision. We realize that some of the perceived inconsistencies in Marzouk's testimony may result from a failure to allow for possible cultural differences. For example, Marzouk's concern that the hospital nurse's attempts to bring him coffee and tea or go out to dinner were a form of harassment, could readily be dismissed if viewed from the context of a different

3

culture.  Regardless of how we view that testimony, it simply does not rise to the level of persecution  required for relief under the INA.  *See Manzoor v. United States Dept. of Justice*, 254 F.3d 342, 346 (1st Cir. 2001) ("[W]e can say that while persecution is not restricted to threats to life or freedom, it requires more that 'mere harassment or annoyance.'") (citation omitted).  Nevertheless, given the many inconsistencies here, this record still would not contain sufficient evidence to compel us to conclude that the Immigration Judge erred in finding that Marzouk was not credible.

Accordingly, for the foregoing reasons, we will dismiss Marzouk's petition for review.[1]

.

---

[1]In his brief, Marzouk lists as one of his issues that the BIA erred in denying his motion to reopen removal proceedings.  Petitioner's Br. at 19-22.  However, because he did not file a petition for review of the denial of his motion to reopen, that issue is not properly before us.  *See* INA § 242(b), 8 U.S.C. § 1252(b), as amended by the REAL ID Act of 2005, § 106(a), Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), which confers exclusive jurisdiction in the Court of Appeals to review final orders of removal. We have previously held that a final order of deportation includes a BIA order denying a motion to reopen.  *Korytnyuk v. Ashcroft*, 396 F.3d 272, 280 (3d Cir. 2005).